**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Southern Division**

| | |
|---|---|
| **SYLVIA CALDWELL o/b/o S.C.** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. )Civil Action No. TMD 09-395 | |
| ) | |
| ) | |
| **MICHAEL J. ASTRUE,** ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |
| ) | |

<u>MEMORANDUM OPINION GRANTING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT</u>

S.C., through her mother, Sylvia Caldwell, ("Plaintiff" or "Claimant") brought this action under 42 U.S.C. § 405(g) for judicial review of the final decision of the Commissioner of the Social Security Administration ("Commissioner"), denying her claim for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act, 42 U.S.C. § § 1381-1383(c). Before the Court are Plaintiff's Motion for Summary Judgment (or Remand) (Paper No 11) and Defendant's Motion for Summary Judgment. (Paper No. 24). No hearing is deemed necessary. Local Rule 105.6 (D. Md.). For the reasons presented below, Defendant's Motion for Summary Judgment is Granted.

**I. Procedural History**

Plaintiff protectively filed her application for SSI on July 26, 2004 alleging disability since November 1, 1998 due to speech problems and Attention Deficit Hyperactivity Disorder

("ADHD") R. at 20, 120, 129.[1]  The claim was denied initially and on reconsideration. R. at 63-65, 67, 69-70.  On May 3, 2006, a hearing was held before an administrative law judge ("ALJ") at which Plaintiff testified.  R. at 384-402.  Plaintiff was represented by counsel.  In a decision dated June 12, 2006, the ALJ denied Plaintiff's request for benefits.  R. at 46-59.  The Appeals Council reversed and remanded the ALJ's decision on April 12, 2007.  R. at 60-62.

Thereafter, a supplemental hearing was held on November 15, 2007.  R. at 371-83.  In a decision dated January 29, 2008, the ALJ again denied Plaintiff's request for benefits.  R. at 14-29.  The Appeals Council denied review on December 18, 2008 making this action ripe for review.  R. at 5-7.

## II.  ALJ's Decision

Determinations of whether a child under age eighteen is disabled, and thus eligible for SSI, are made by the Commissioner pursuant to the three-step sequential evaluation process outlined in 20 C.F.R §§ 416.924 and 416.926a.  The first step is a determination whether the child is engaged in substantial gainful activity.  *Id.,* § 416.924(b). If so, benefits are denied; if not, the evaluation continues to the next step.  The second step involves a determination whether a claimant's impairment or combination of impairments is severe, *i.e.,* more than a slight abnormality that causes no more than minimal functional limitations. *Id.,* § 416.924(c). If not, benefits are denied; if so, the evaluation continues.  The third step involves a determination whether the child has impairment(s) that meet, medically equal, or functionally equal in severity a Listed impairment. *Id.,* § 416.924(d).  If so, and if the duration requirement is met, benefits are awarded; if not, benefits are denied.

---

[1] Plaintiff's application for benefits is not part of the record.

Here, The ALJ found that Plaintiff: (1) had never engaged in substantial gainful activity (R. at 20); (2) did have a "severe" impairment: speech/language disorder ( *id.*); but (3) did not have any impairment or combination of impairments that met or medically equaled a Listing or that functionally equaled a Listed impairment. R. at 17-29. Consequently, he found that she was not disabled.

### III. Standard of Review

The role of this court on review is to determine whether substantial evidence supports the Commissioner's decision and whether the Commissioner applied the correct legal standards. 42 U.S.C. § 405(g)(1994 & Supp. V 1999); *Pass v. Chater*, 65 F.3d 1200, 1202 (4th Cir. 1995); *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). It is more than a scintilla, but less than a preponderance, of the evidence presented. *Shively v. Heckler*, 739 F.2d 987, 989 (4th Cir. 1984). It is such evidence that a reasonable mind might accept to support a conclusion, and must be sufficient to justify a refusal to direct a verdict if the case were before a jury. *Hays*, 907 F.2d at 1456 (quoting *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966)). This court cannot try the case *de novo* or resolve evidentiary conflicts, but rather must affirm a decision supported by substantial evidence. *Id.*

### V. Discussion

A. Order of Appeals Council

As mentioned above, the Appeals Council reversed and remanded this matter on April

12, 2007. In its Order, the Appeals Council found that new evidence submitted to the Appeals Council in connection with the request for review suggested worsening of symptoms and needed to be evaluated. R. at 61. The Appeals Council directed the ALJ to "evaluate the new evidence and obtain additional evidence concerning the claimant's neurological and mental impairments in order to complete the administrative record in accordance with the regulatory standards regarding consultative examinations and existing medical evidence. . . The additional evidence may include, if warranted and available, consultative neurological and mental examinations and medical source statements about what the claimant can still do despite the impairment." R. at 61. The ALJ was also directed to further evaluate the claimant's subjective complaints with supporting rationale. R. at 62.

Plaintiff argues that the ALJ failed to evaluate the new evidence and failed to obtain additional evidence regarding her neurological and mental impairments. 20 C.F.R. § 416.1477(b) states that on remand, the ALJ "shall take any action that is ordered by the Appeals Council and may take any additional action that is not inconsistent with the Appeal's Council remand order." Nevertheless, the Commissioner's "final decision denying benefits must be affirmed unless the findings are based on legal error or are unsupported by substantial evidence." *See Vernoff v. Astrue*, 568 F.3d 1102, 1105 (*citing Mayes v. Massanari,* 276 F.3d 453, 458-459 (9th Cir.2001)); *Gallegos v. Apfel*, No. 97-2267, 1998 WL 166064, at *1 (10th Cir. April 10, 1998); *Wilkins v. Barnhart*, No. 02-4302, 2003 WL 21462579, at * 3 (7th Cir. 2003); *Fajardo v. Astrue*, No. CV 08-01615, 2010 WL 273168, at * 3 (C.D. Cal. Jan. 14, 2010) ("regardless of whether the ALJ fully complied with the Appeals Council's remand order, judicial review is limited to the question whether the ALJ's decision is supported by substantial

evidence and reflects application of the correct legal standards"). Therefore, as we have previously held, regardless of whether the ALJ fully complied with the Appeals Council's remand order, judicial review is limited to the question of whether the ALJ's decision is supported by substantial evidence and reflects application of the correct legal standards. *See, e.g., Jose Fuentes v. Astrue,* Civil Action No. TMD 07-2007, (D. Md. Aug. 18, 2008).

The new evidence consisted of two reports: (1) a Psychiatric Evaluation dated March 12, 2006 from Dr. Don Smith; and (2) a letter from Claimant's therapist, Miesha Scott-Logan, LCSW-C, dated December 19, 2006. R. at 363-70. In his opinion, the ALJ summarized Dr. Smith's report and indicated that the report revealed Claimant was being referred due to increased anger, worsening grades, and was more oppositional. R. at 22. He noted the report to indicate Claimant had not responded well on Adderall and that Claimant stopped it because it was making her lethargic and didn't seem to help. *Id*. He noted that on examination, Claimant was cooperative, not hostile or argumentative, pleasant, related fairly well, articulate speech and understandable. *Id*. He noted that she was mildly angry, not anxious, affect was constricted, not suicidal or homicidal, and that she had coherent thoughts, goal directed and logical, intact memory and adequate judgment. *Id*. R. at 22. While the ALJ did not specifically integrate each observation and finding of Dr. Smith into his analysis, he did state that he was giving "substantial weight to the State agency medical consultant's opinion at Exhibit 10F . . . [because it] is consistent with the other evidence of record when viewed as a whole *including the most recent psychiatric evaluation by Dr. Smith.*" R. at 29 (emphasis added).

Whether the ALJ's treatment of the evidence comports with the Order of the Appeals Council is questionable. However, perhaps even more troubling is Plaintiff's complete failure

5

at this stage to even assert how Dr. Smith's findings would have changed the ALJ's outcome. *See Shineski v. Sanders*, 129 S.Ct. 1696, 1706 (2009). Nevertheless, the Court has reviewed Plaintiff's argument regarding the ALJ's alleged failure to consider the new evidence/obtain additional evidence in connection with his argument that the ALJ erred in determining Plaintiff's impairments were not functionally equal to a Listed Impairment. For the reasons discussed below, Plaintiff's arguments fail.

### B. Functional Equivalence

As mentioned above, at the third step of the sequential evaluation, the ALJ must evaluate whether the impairment or combination of impairments meets, medically equals, or functionally equals the severity of one or more of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1.[2] 20 C.F.R. § 416.924. An impairment or combination of impairments functionally equals a listed impairment if it causes a "marked" limitation in two of six areas of functioning or an "extreme" limitation in one of those six areas. *Id.* § 416.926a(a). The six areas are (1) acquiring and using information, (2) attending and completing tasks, (3) interacting and relating with others, (4) moving about and manipulating objects, (5) caring for oneself, and (6) health and physical well-being. *Id.* § 416.926a(b)(1). A "marked" limitation "interferes *seriously* with [the child's] ability to independently initiate, sustain, or complete activities." 20 C.F.R. § 416.926a(e)(2)(i) (emphasis added). It is "more than moderate" but "less than extreme" and is tantamount to results on a standardized test that are at least two, but less than three, standard deviations below the mean. 20 C.F.R. § 416.926a(e)(2)(i). An extreme

---

[2] Plaintiff does not dispute the ALJ's findings that she does not meet or medically equals a Listing. R. at 22.

6

limitation is one that "interferes very seriously with [a claimant's] ability to independently initiate, sustain, or complete activities." 20 C.F.R. § 416.926a(e)(3)(i). It does not mean a total inability to function, but is tantamount to results on a standardized test that are at least three standard deviations below the mean. 20 C.F.R. § 416.926a(e)(2)(i).

Plaintiff asserts that the ALJ's finding that Plaintiff's impairments did not functionally equal a Listing is not supported by substantial evidence. Plaintiff does not state with any specificity how the evidence contained in either Dr. Smith's report or the letter from Claimant's treating therapist would have led to a finding of functional equivalence. She implies that the evidence contained therein would have resulted in a marked impairment in apparently two (required) domains of functioning (although she does not assert which two domains). Plaintiff Mem. at 6. In addition, Plaintiff points to statements made by Claimant's teacher, Wendi Wallace-Kaba in an August 30, 2004 questionnaire. R. at 195-202.

The ALJ determined that Claimant had a speech/language disorder which was severe, but did not meet, medically or functionally equal any listed impairment. Specifically, in evaluating the six domains noted above, the ALJ found that Claimant had (1) less than marked limitation in acquiring and using information; (2) less than marked limitation in attending and completing tasks; (3) less than marked limitation in interacting and relating with others; (4) no limitation in moving and manipulating objects; (5) less than marked limitation in ability to care for herself; and (5) no limitation in health and physical well being. R. at 23-29. The ALJ's decision is supported by substantial evidence.

In making his findings, the decision demonstrates that the ALJ considered not only the testimony of Claimant's mother, but also the medical evidence in the record including the report

7

of state agency medical consultant, Mark O'Connor (relying on reports of Drs, Dorsen and Novakowski), reports of school psychologist, Pamela McCoy (including the results of the WISC-IV), the speech/language questionnaire completed by speech language pathologist, Princess Evans, a November 2004 medical report from Kaiser Permanente, and Claimant's activities of daily. R. at 20-29, 234-41, 242-62, 280-91, 299-309.

As mentioned above, in addition to generally citing to the reports of Dr. Smith and Claimant's therapist, Miesha Scott-Logan,LCSW-C,[3] Plaintiff also points to various statements made in an August 30, 2004 questionnaire by Claimant's teacher. He notes that her teacher, Wendi Wallace-Kaba, indicated that Claimant had various problems in schools including understanding, maintaining attention, and comprehension. Plaintiff Mem. at 7, R. at 196-200. Plaintiff asserts that the ALJ "neither mentioned nor evaluated this evidence." Plaintiff Mem. at 7. In fact, the ALJ specifically noted her teacher's statement that Claimant's ability to focus was a major problem in August, 2004, the date on which the questionnaire was completed. R. at 22. The ALJ went to find, however, that since the date the application for SSI was filed, ADHD has not been a significant problem as Claimant responded well to medication and her mother testified she was more focused on medication. R. at 22-23, 376-77.[4] While the ALJ's decision does not reveal that the ALJ parsed out every statement made by Claimant's teacher, the Court nonetheless finds that her statements would not have altered the ALJ's findings.

---

[3]The short letter from Ms. Scott-Logan does not indentify, in any detail Claimant's symptoms or functional limitations. R. at 369. Rather, the letter is of limited evidentiary value as it simply states the diagnoses which "remains the same." *Id*. The Court finds the letter would not have altered the ALJ's findings in any domain of functioning. Indeed, Plaintiff does not indicate how it could.
[4]Although the report of Dr. Smith actually indicated that Claimant did not respond well to Adderrall, R. at 364, Claimant's mother testified that other medication (Risperdal, Focalin and Wellbutrin) has been working based on her observations. R. at 376-77.

Arguably, the only domains that could have been affected by the findings made by Ms. Wallace-Kaba are acquiring and using information and attending and completing tasks.[5]

With respect to acquiring and using information, the regulations indicate that this domain considers how well a child is able to acquire or learn information and how well he uses the information he has learned. *See* 20 C.F.R. 416.962a(g). The ALJ found that Claimant had less than marked limitations in this area. R. at 25. He relied upon testing performed by Ms. Pamela McCoy in which Claimant obtained a Verbal Comprehension score of 79, a Perceptual Reasoning score of 79, Working Memory score of 80 and a Full Scale score of 75. R. at 25. Accordingly, Claimant was functioning in the Borderline range of intellectual functioning. In addition, the ALJ noted that she was performing only one grade below average in core subjects such as language arts and math. R. at 25, 207. In addition, although Ms. Wallace-Kaba scored Claimant as having either an obvious or serious problem in all the subcategories of the acquiring and using information domain, R. at 196, Claimant's teacher, Mr. McDonald, scored her as either no problem, slight problem or an obvious problem only about four months later. R. at 208. The ALJ's finding in this domain is supported by substantial evidence.

With respect to attending and completing tasks, the regulations indicate that the focus is on how well a child is able to focus and maintain attention, and how well he is able to begin, carry through, and finish activities. 20 C.F.R. 416.926a(h). The ALJ's finding that Claimant had less than marked limitation in this area is also supported by substantial evidence. Indeed,

---

[5] Ms. Wallace-Kaba indicated that Claimant had no or only a slight problem in interacting and relating to others, R. at 198-99, no problems moving about and manipulating objects, R. at 199, and no or only a slight problem in caring for herself, R. at 200. She was also unaware of any physical medical conditions that affected claimant's functioning at school. R. at 201.

while Ms. Wallace-Kaba indicated problems ranging from none to serious in the subcategories of this domain occurring on a daily basis, Mr. McDonald reported either none or only slight problems in almost all of these same areas on only a weekly basis. R. at 197, 209. In addition, the ALJ cited various evidence in the record noting that although Claimant may take longer to complete tasks, she is allowed extra time to do so and puts forth very good effort. R. at 26. On balance, the court finds the ALJ's finding that Claimant suffered less than marked limitation in this domain is supported by substantial evidence.

### C. Credibility

Finally, Plaintiff generally asserts that the ALJ erred in his credibility determination. Again, Plaintiff does not cite to a single piece of evidence which would demonstrate that the ALJ, in fact, erred. The Court has reviewed the ALJ's opinion including his specific findings regarding Plaintiff's impairment that could reasonably be expected to produce the symptoms. The Court finds that the ALJ's finding that the statements regarding the intensity, persistence and limiting effects of those symptoms are "low at best" supported by substantial evidence. The ALJ's credibility determination, properly supported in this case, will not be disturbed. *See Hammond v. Heckler,* 765 F.2d 424, 426 (4th Cir.1985).

## V. Conclusion

Based on the foregoing, Defendant's Motion for Summary Judgment is GRANTED. A separate order shall issue.

Date: September 7, 2010 _____/s/_____
THOMAS M. DIGIROLAMO
United States Magistrate Judge

Copies to:
Stephen Shea
801 Roeder Rd., Suite 550
Silver Spring, MD 20910

Allen F. Loucks
Assistant United States Attorney
6625 United States Courthouse
101 West Lombard Street
Baltimore, Maryland 21201-2692